# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street, NW, Suite 600,
Washington, DC 20006

                      *Plaintiff*,

    v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
500 12th Street, SW,
Washington, DC 20536

                      *Defendant*.

Civil Action No. 25-0305

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Immigration and Customs Enforcement ("**ICE**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington DC. Defendant is a component of the U.S. Department of Homeland Security ("**DHS**"). Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 18, 2024, Plaintiff submitted a FOIA request ("**FOIA Request**") to ICE which sought the following records:

**All records sufficient to show:**

a. All individual detainers declined by law enforcement agencies for each fiscal year: FY2023, FY2024, and FY2025 through the date of the search;

b. For each responsive individual detainer declined by law enforcement above, if possible, please include any and all of the following related information:
   i. State and city of the detention facility
   ii. detention facility
   iii. date of detainer issuance
   iv. reason for lifting detainer (i.e., Declined by LEA, Insufficient Notice to ICE, Early Release)
   v. most serious criminal charge and conviction of the alien
   vi. most serious criminal charge and conviction categories for the alien
   vii. arrests of the alien subsequent to the lifting of the detainer/s for other state/local crimes

      viii.   **whether ICE was able to arrest the alien subsequent to the lifting of the detainer**

**Information helpful to fulfilling the request: The requester would like the information provided in an excel spreadsheet if possible.**

**(Exhibit 1.)**

6.     On November 25, 2024, Plaintiff received an acknowledgment letter from Defendant which indicated the FOIA Request was received on November 18, 2024, and assigned it tracking number 2025-ICFO-06852. (**Exhibit 2**.) In addition, Defendant's acknowledgment letter invoked a 10-day extension to respond to the FOIA Request because of unusual circumstances. *Id*.

7.     Despite the expiration of the time limits prescribed by FOIA, as of the date of this Complaint, Defendant has yet to provide Plaintiff a "determination" as required by law. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Within the time limits prescribed by FOIA, to trigger the administrative exhaustion requirement, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.")

## COUNT I

### Failure to make determination by required deadline
### (Violation of FOIA, 5 U.S.C. § 552)

8.     Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.     Defendant is in violation of FOIA.

10. Defendant was required to make a final determination on Plaintiff's FOIA Request no later than January 3, 2025. Because Defendant failed to make a final determination on Plaintiff's FOIA Request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

### **Requested Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

\

\

\
\
\

Dated: February 3, 2025                    Respectfully submitted,

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
DC Bar No. OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185 ext. 126
Email: cmf@cis.org